IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DOES 1–8,

    Plaintiffs,

    vs.                                                                                              Civ. No. 19-1010 JAP/JFR

MARK SHEA, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On December 23, 2019, Plaintiffs filed PLAINTIFFS' CORRECTED MOTION FOR A PROTECTIVE ORDER AND TO PROCEED UNDER PSEUDONYMS (Doc. No. 25) ("Motion"), seeking to proceed under pseudonyms with their COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 (Doc. No. 1) and requesting a protective order barring the disclosure of the Plaintiffs' true names. Plaintiffs argue that their "privacy interests substantially outweigh the presumption of open judicial proceedings because their status as [] registered sex offenders exposes them and their families to significant risks of substantial harm." Mot. at 4. Defendants respond that Plaintiffs cannot demonstrate that their sex-offender statuses meet the Tenth Circuit's narrow exceptions against proceeding anonymously. *See* DEFENDANTS GONZALES, STEWART, WALLER, AND VIGIL'S RESPONSE TO PLAINTIFFS' CORRECTED MOTION FOR PROTECTIVE ORDER (Doc. No. 30). The Court agrees with Defendants and will deny the Motion accordingly.

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'" *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)). No federal or local rule of civil procedure or federal statute supports the practice. *See Femedeer*, 227 F.3d at 1246. "To the contrary, the Federal Rules of Civil

Procedure mandate that all pleadings contain the name of the parties, and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" *Id*. (internal citations omitted) (brackets in original). Despite these limitations, courts may "weigh the public interest in determining whether some form of anonymity is warranted." *Id*. "A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id*. (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). Courts weigh this risk against the public's "interest in access to legal proceedings, particularly those attacking the constitutionality of popularly enacted legislation[,]" as well as the application of res judicata and collateral estoppel. *Femedeer*, 227 F.3d at 1246.

The Tenth Circuit explicitly stated that, though there is appreciable "interest in attempting to prevent disclosure of [a plaintiff's] status as a sex offender, such disclosure has presumably already occurred in the underlying conviction." *Id*. It also rejected arguments identical to Plaintiffs', noting that:

> imminent personal danger, and the disclosure of [a convicted sex offender's] identity in the caption of [a] lawsuit is not coterminous to the harm he is seeking to avoid by filing this claim. The posting of his identity and other personal information on the Internet is likely to be more extensive than is the exposure resulting from his name on the caption of this lawsuit.

*Id*.

Plaintiffs here contend that "[p]ublic broadcasting is very different from mere searchability [in the offender registry]. Public broadcasting of the identities of the Plaintiffs in this case will bring significant harm." Mot. at 4. Presumably, the public broadcasting to which Plaintiffs refer is merely the inclusion of their names in the caption of this lawsuit. Plaintiffs, however, fail to show how publication of their names on the caption of this lawsuit presents any more imminent, concrete

harm than already results from publication of their names in the sex offender database. Though Plaintiffs speculate that the case will bring unwanted attention to an unpopular group of people, "those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials." *Femedeer*, 227 F.3d at 1246. Under the circumstances here, Plaintiffs' interest in avoiding unwanted negative attention does not justify proceeding under pseudonyms or sealing the case.

IT IS THEREFORE ORDERED that PLAINTIFFS' CORRECTED MOTION FOR A PROTECTIVE ORDER AND TO PROCEED UNDER PSEUDONYMS (Doc. No. 25) is DENIED and Plaintiffs must file an amended complaint by January 15, 2020 revealing Plaintiffs' true identities in the caption.

_____
SENIOR UNITED STATES DISTRICT JUDGE