**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TOBIE MANUEL TORRES, MICHAEL WAYNE RUSNAK, MARK ANDREW BIDWELL, SCOTLAND MARQUEZ, AND BILLY SMITH,

Plaintiffs,

v.

MARK R. SHEA, Cabinet Secretary of the New Mexico Department of Public Safety (NMDPS), in his official capacity; KATHERINE GARCIA, NMDPS SORNA Program Supervisor, in her official capacity, Sheriff MANUEL GONZALES, in his official capacity, Sheriff COREY HELTON, in his official capacity, Sheriff KIM STEWART, in her official capacity, and Sheriff WESLEY WALLER, in his official capacity.

Defendants.

Case No. 1: 19-CV-01010 JAP JKR

Jury Trial: (check one) ☐ Yes ☑ No

---

**SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983**

---

## I. Introduction

1. Plaintiffs by and through their counsel of record Barrett G. Porter, Burgess and Porter Law, and Ashley Reymore-Cloud, Liberty & Justice

Coalition hereby bring this Complaint pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States, and 42 U.S.C. § 1983.

2. This Amended Complaint is submitted to the Court pursuant to Fed. R. Civ. P. 15(a)(1)(A) and (B). This Amended Compliant is offered is offered in response to Defendant's Gonzales, Stewart, Waller, and Vigil's Motion to Dismiss Under Rule 12(b), filed on December 17, 2019 (Doc. 18).

3. New Mexico state law requires that individuals who may be subject to sex offender registration and who relocate to New Mexico from another jurisdiction have their out-of-state offenses analyzed to see if they are required to register as sex offenders in New Mexico. NMSA 1978, §§ 29–11A–1 to –10.

4. This analysis involves a legal determination of whether the individual's out-of-state offense is "equivalent" to a New Mexico offense requiring sex offender registration in New Mexico. NMSA 1978, § 29–11A–3.

5. Registration as a sex offender in New Mexico entails significant burdens and affirmative restraints including; public opprobrium, internet publication of personal information, loss of employment opportunities, loss of housing opportunities, damage to reputation, compelled furnishing of a DNA sample, and mandatory in-person reporting to the local sheriff every 90 days.

6. Upon relocating to New Mexico, Plaintiffs were *ad hoc* classified as sexual offenders by staff at the local sheriff's office and required to register as sex offenders without any due process.

7. The local sheriff's office then transmitted the information for each Plaintiff to the New Mexico Department of Public Safety (NMDPS). NMDPS in turn required all of the Plaintiffs to register as sex offenders without any due process.

8. NMDPS and the named county sheriffs have failed to set up any procedural due process before imposing significant burdens and affirmative restraints on Plaintiffs, and refused to provide due process when requested.

9. Plaintiffs sue for declaratory and injunctive relief against the Defendants for failure to establish constitutionally adequate due process for individuals relocating to New Mexico before subjecting individuals to the substantial burdens and affirmative restrictions imposed for sex offender registration.

## II. Jurisdiction and Venue

10. This case is brought pursuant to 42 U.S.C. § 1983. All of the Plaintiff in this case are current and permanent residents of New Mexico.

11. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343. Plaintiff seeks redress for the deprivation of rights secured by the U.S. Constitution.

12. Venue is proper in the District of New Mexico. 28 U.S.C. § 1391(b).

13. By information and belief, all Defendants are residents of New Mexico.

14. A substantial part of the events or omissions giving rise to this claim occurred in the District of New Mexico.

15. The declaratory and injunctive relief sought by Plaintiffs is authorized by 28 U.S.C. §§ 2201 and 2202, Federal Rules of Civil Procedure 57 and 65, and by the legal and equitable powers of the Court.

## III. Parties

16. Plaintiffs TOBIE MANUEL TORRES, MICHAEL WAYNE RUSNAK, MARK ANDREW BIDWELL, SCOTLAND MARQUEZ, and BILLY SMITH, are all individuals residing in New Mexico.

17. Defendant MARK R. SHEA is the Cabinet Secretary of the New Mexico Department of Public Safety. In his official capacity as the Cabinet Secretary for Public Safety, Defendant Shea is responsible for maintaining New Mexico's statewide sex offender registry and overseeing the determination of whether or not an individual is required to register as a sex offender in New Mexico.

18. Defendant KATHERINE GARCIA is the Special Programs Supervisor of the New Mexico Department of Public Safety's Sex Offender Registration Unit. In her official capacity, Ms. Garcia is charged with overseeing the determination of whether or not an individual relocating to New Mexico is required to register as a sex offender.

19. Defendant MANUEL GONZALES is the Sheriff of Bernalillo County, New Mexico. In his official capacity as the Sheriff, Defendant Manuel Gonzales is responsible for maintaining the local registry for Bernalillo County.

20. Defendant COREY HELTON is the Sheriff of Lea County, New Mexico. In his official capacity as the Sheriff, Defendant Corey Helton is responsible for maintaining the local registry for Lea County.

21. Defendant KIM STEWART is the Sheriff of Doña Ana County, New Mexico. In her official capacity as the Sheriff, Defendant Kim Stewart is responsible for maintaining the local registry for Dona Ana County.

22. Defendant WESLEY WALLER is the Sheriff of Curry County, New Mexico. In his official capacity as the Sheriff, Defendant Wesley Wallace is responsible for maintain the local registry for Curry County.

## IV. Factual Background: Registration Scheme

23. The New Mexico Sex Offender Registration and Notification Act (SORNA), NMSA 1978, §§ 29–11A–1 to –10, requires a person convicted of any of twelve enumerated sex offenses, **or who is convicted of an "equivalent" offense in any other jurisdiction**, to register as a sex offender with the county sheriff for the New Mexico county in which that person resides. *State v. Hall*, 2013-NMSC-001, ¶ 1, 294 P.3d 1235.

24. Under New Mexico law, registrants are classified, according to the crime committed, as either; a) lifetime registrants, b) 20-year registrants, or c) 10-year registrants. NMSA §§ 29-11A-4(L)(1) and (2).

25. The New Mexico Supreme Court has stated that the determination of whether an individual's out-of-state offense is "equivalent" to a New Mexico offense requires a legal analysis of whether the "out-of-state fact finder necessarily must have found facts that would have proven the elements of the New Mexico registerable offense." *State v. Hall*, 2013-NMSC-001, ¶ 30, 294 P.3d 1235, 1242.

26. Given the complexity of this legal determination, it is properly made by a court of competent jurisdiction. *See State v. Hall*, 2013-NMSC-001, ¶¶ 18, 22, and 30, 294 P.3d 1235, 1240-42.

27. Registration as a sex offender in New Mexico places the following burdens upon individuals:

a. Internet publication of the individual's home address;

b. Internet publication detailing the individual's physical appearance; including their gender, age, height, weight, hair color, eye color, and descriptions of all tattoos or scars on their person;

c. Internet publication of a recent photograph of the individual;

d. Internet publication of the title of the offense for which the individual was convicted; (Example: "Rape of a Child", "Indecent Behavior with Juvenile", "Lewd and Lascivious Battery", "Communication with Minor for Immoral Purposes, " or "Annoy/Molest Children Under 18".

e. Surrender a DNA sample for inclusion in the New Mexico sex offender DNA identification system pursuant to the provisions of the DNA Identification Act Chapter 29, Article 16 NMSA 1978.

f. Provide a complete set of the individual's fingerprints and a palm print;

g. In-Person reporting quarterly (every 90 days) to the county sheriff and providing all of the following information:

i. the individual's legal name and any other names;

ii. the individual's date of birth;

iii. the sex offender's social security number;

iv. the individual's current physical and mailing address;

v. the individual's place of employment;

vi. the sex offense for which the individual was convicted;

vii. the date and place of the sex offense conviction;

viii. the individual's names, email addresses and monikers and other self-identifiers used on social networking sites;

ix. the individual's landline and cellular telephone numbers and any other telephone numbers primarily used by the individual;

x. the individual's professional licenses;

xi. the license plate or other identifier and the description of any vehicle owned or primarily operated by the individual, including aircraft and watercraft;

xii. the name and address of any school or institution of higher education that the individual is attending; and

xiii. copies of the individual's passport and immigration documents.

28. Individuals who relocate to New Mexico and who may have a conviction for an offense requiring sex offender registration generally report first to the local county sheriff's office.

29. Upon the initial reporting to the county sheriff's office, the individuals are subject to a county employee's *ad hoc* determination that the out-of-state offense is "equivalent" to a New Mexico offense requiring sex offender registration.

30. The local sheriff employee determines both the fact of registration and the classification of the out-of-state offender. This classification defines both the length of the registration obligation, and the frequency of mandatory in-person reporting.

31. There is no due process provided for this initial *ad hoc* determination before the significant burdens of sex offender registration are imposed.

32. The information regarding the out-of-state offender is then sent to the NMDPS for a second determination of whether the out-of-state offense is "equivalent" to a New Mexico offense.

33. There is no due process provided for this second purported equivalency determination. No notice. No right to discover the evidence relied upon. No hearing in which to present evidence. No neutral decisionmaker. No mechanism for appealing the decision.

34. During the often prolonged periods awaiting "equivalent" offense determinations, individuals are required to register and suffer all of the burdens upon their liberty and affirmative restraints that sex offender registration imposes upon their lives.

35. In fact, several of the Plaintiffs in this case have never had their out-of-state offenses analyzed as "equivalent" offenses and have been "Waiting on Translation" for several years.

36. The failure to provide due process has resulted in errors and forced the registration of individuals who are not required to register as sex offenders under New Mexico law. *State v. Hall*, 2013-NMSC-001, 294 P.3d 1235; *State v. Winn*, 2019 -NMCA- 011, 435 P.3d 1247; *State v. Orr*, 2013-NMCA-069, 304 P.3d 449.

37. In the event any of the Plaintiffs fail to register as a sex offender, they are subject to prosecution for a third or fourth degree felony and imprisonment for eighteen months or three years. NMSA 1978 § 29-11A-4 (P).

38. Registration in New Mexico subjects Plaintiffs to severe public opprobrium and reputational harm.

39. Plaintiffs are subjected to "residency verifications" in which uniformed, armed sheriff deputies in marked patrol units arrive at their residences unannounced in view full of neighbors and other visitors to the residences.

40. Registration in New Mexico subjects Plaintiffs to deprivations of liberty and affirmative restraints. These deprivations include, but are not limited to; in-person annual or quarterly registration requirements, internet publication of all of their personal information, providing DNA, fingerprints

to New Mexico databases *See generally* NMSA §§ 29-11A-4.A, 4.F, 4.I, and 4.L and list of registration burdens in ¶ No. 27, *supra*.

41. Registration in New Mexico subjects Plaintiffs to internet publication and/or enhanced access by the public to details about their crime of conviction and personal information which are not publicized or available for other classes of offenders. *See* NMSA § 29-11A-4(N).

42. Registration in New Mexico causes severe ancillary consequences including lost job opportunities, difficulty finding housing, and subjection to verbal and physical harassment and abuse.

43. The NMPDS and its responsible agencies have not disclaimed intent to enforce the statutes and regulations pertaining to registered sex offenders against Plaintiffs.

## IV. Factual Background: Plaintiffs

44. Plaintiffs all moved to New Mexico and were required to register with in New Mexico as sex offenders and comply with all of the burdens associated with registration without any due process.

45. Plaintiff TOBIE MANUEL TORRES, was convicted and sentenced in October 2005 for Indecency with a Child in Texas. He was initially sentenced to 2 years of Deferred Adjudicated Probation. He moved to Texico, New Mexico on February 14, 2011 and began registering February 15, 2012. He reported to the Curry County Sheriff's department and was told he was to

register every 90 days for life. Plaintiff TORRES has been burdened with quarterly registration and internet publication from 2012 until the present date without being provided due process or any equivalency determination. He has been listed on the NMPDS sex offender website as "Waiting on Translation" for over 7 years.

46. Plaintiff MICHAEL WAYNE RUSNAK was convicted of sexual offenses that occurred when he was a juvenile. Despite being a juvenile when he committed these acts, he was told that he had to register as a sexual offender when he came to New Mexico in April of 2019. New Mexico law does not require sex offender registration for offenses committed by juveniles. When Plaintiff RUSNAK relocated to New Mexico, he was told he had to register every 90 days for lifetime and submit documents to his employers outlining his convictions and status as a sex offender. He requested documents and information showing that he had to register every 90 days and that he was required to register if his acts were committed as a juvenile. Despite repeated requests, he has not been provided with any documentation by NMDPS. To date, he has not been provided with any due process.

47. Plaintiff MARK ANDREW BIDWELL was 19 when he had consensual sex with a minor in Idaho and was convicted of Lewd Conduct with a Child (Under 16). She was 15 at the time. He was convicted in Idaho on July 20,

2003 and sentenced to 7 years of probation with a portion of it being indeterminate. In Idaho, he was only required to register once a year. Upon relocating to New Mexico, Dona Ana County, in 2008 he was told by the sheriffs that based upon NMDPS policy he had to register for every 90 days for the remainder of his life. His facts may equate to elements in New Mexico that only require an annual registration for a period of ten years. He was denied a hearing or any additional due process and was placed into the lifetime sex offender category. Plaintiff Bidwell has been burdened with quarterly registration and internet publication from 2008 until the present date without being provided due process or any equivalency determination. He has been listed on the NMPDS sex offender website as "Waiting on Translation" for over 11 years.

48. Plaintiff SCOTLAND MARQUEZ was convicted and sentenced on June 7, 1996 in Oklahoma for Lewd Acts with a Child. He was successfully discharged from probation on June 7, 2006. He was originally told that he had to register annually for 20 years. This was subsequently and summarily changed to quarterly by New Mexico without any due process. He was removed from the Oklahoma registry entirely in 2018, yet remains on the New Mexico sex offender registry. Plaintiff MARQUEZ has been burdened with quarterly registration and internet publication from 2012 until the present date without being provided due process or any equivalency determination. He has been

listed on the NMPDS sex offender website as "Waiting on Translation" for over 7 years.

49. Plaintiff BILLY SMITH was convicted and sentenced in 2003 in a military court in Hessen, Germany while he was in the military under UCMJ Article 134, Indecent Act with a Minor. Upon relocation to New Mexico, he was told by Dona Ana County to register every 90 days for life. This requirement was carried over when he moved to Bernalillo County. Plaintiff SMITH has been burdened with quarterly registration and internet publication from 2007 until the present date without being provided due process or any equivalency determination. He has been registering every 90 days despite there being no translation from the military article conduct to a New Mexico enumerated sex offense. He has been listed on the NMPDS sex offender website as "Waiting on Translation" for over 12 years.

## IV. Cause of Action

### Violation of Procedural Due Process Rights

**This cause of action is based upon Defendants' failure to provide constitutionally adequate due process before requiring Plaintiffs to register as sex offenders within the state of New Mexico.**

**Plaintiffs are not challenging the registration law, but the absence of constitutionally required procedural due process when restricting the liberty of the Plaintiffs, and enforcing, and implementing the registration statute for people relocating to New Mexico.**

50. All preceding paragraphs are incorporated herein by reference.

51. By action of state and local officials under color of law, Plaintiffs have been required to register in New Mexico and are currently under threat of arrest, prosecution, and imprisonment for violating any statute applicable to sex offender registrants.

52. Defendants' actions affect a significant liberty interest or property interest of Plaintiffs. Plaintiff's endure significant burdens on their liberty that are not placed on non-registered residents of New Mexico.

53. Registration in New Mexico causes reputational harm to Plaintiffs.

54. Registration in New Mexico significantly alters the legal status and rights of Plaintiffs.

55. Plaintiffs are required to register in New Mexico solely on the basis that their out-of-state conviction is "equivalent" to a New Mexico offense requiring registration.

56. In several instances, Plaintiffs have not had any "equivalent" offense determination and have languished as "waiting on translation" for several years.

57. In all cases, Plaintiffs were given no notice nor opportunity to be heard prior to or after the "equivalent" offense determination was made.

58. In all cases, Plaintiffs have no opportunity to contest this determination in any trial, hearing, or other appeal forum.

## V. Relief Requested

WHEREFORE, Plaintiffs requests that the Court find that Defendants have failed to set up adequate constitutional due process for individuals moving to New Mexico to have notice, discovery, a hearing, and a mechanism for review of the equivalency determination before they are required to suffer the burdens of sex offender registration.

THEREFORE, Plaintiffs request:

1) A declaratory judgment that Defendants, in their official capacities, have violated the Due Process rights of Plaintiffs under the Fourteenth Amendment of the Constitution of the United States by requiring them to register as sex offenders in New Mexico without adequate due process;

2) An Order directing Defendants, in their official capacities, to remove the name and other information of Plaintiffs from all publicly published sex offender registries until procedural due process is provided to each Plaintiff;

3) An injunction barring Defendants, in their official capacities, from enforcing any law pertaining to the registration of Plaintiffs unless and until procedural due process is provided to the individuals.

4) Attorney's fees and costs pursuant to 42 U.S.C. §1988 and any other applicable federal or state statute.

This is the 14th day of January, 2020.

BURGESS & PORTER LAW, LLC

/s/ signed and filed electronically

**Barrett (Barry) G. Porter**
**and Susan Burgess-Farrell**
Burgess & Porter Law, LLC
400 Gold Avenue, SW Suite 910
Albuquerque, NM 87102
Phone: 505-433-5545 Fax: 505-835-3545
Email: bporter@burgessporterlaw.com
Attorneys for Plaintiffs

Liberty & Justice Coalition

/s/ signed and filed electronically

**Ashley Reymore-Cloud**
Liberty & Justice Coalition
P.O. Box 36123
Albuquerque, NM 87176
Tel: 505-832-4291 Fax: 505-248-1234
Email: acloud33@gmail.com
Attorney for Plaintiffs